NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROCCO T. LOMBARDI, an individual, | No.    15-55276 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-03328-JAK-AJW |
| v. | |
| JULIAN CASTRO, Secretary, U.S. Department of Housing and Urban Development, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Submitted January 9, 2017**
Pasadena, California

Before:  TALLMAN and FRIEDLAND, Circuit Judges, and FABER,*** District Judge.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable David A. Faber, United States District Judge for the Southern District of West Virginia, sitting by designation.

Rocco Lombardi appeals the district court's grant of summary judgment to the Department of Housing and Urban Development ("HUD") in his Title VII employment retaliation case. Because we conclude that Lombardi did not carry his burden to show a triable issue of material fact about whether HUD's denial of his applications for two higher level positions was caused by a retaliatory purpose, or that HUD's reasons for preferring other candidates were pretextual, we affirm.

Title VII of the Civil Rights Act of 1965, 42 U.S.C. 2000e *et seq*. ("Title VII"), prohibits retaliation against an employee engaging in an activity protected by Title VII, such as filing Equal Employment Opportunity ("EEO") complaints or participating in a Title VII proceeding. 42 U.S.C. § 2000e-3(a); *see Poland v. Chertoff*, 494 F.3d 1174, 1180 (9th Cir. 2007); *Ray v. Henderson*, 217 F.3d 1234, 1240 n.3 (9th Cir. 2000). There is a three-step burden-shifting framework for considering a grant of summary judgment in an employment retaliation case. *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000). To establish a triable issue, the plaintiff first must prove a prima facie case by showing "(1) involvement in a protected activity, (2) an adverse employment action[,] and (3) a causal link between the two." *Id*. Second, the burden shifts to the defendant to present a legitimate reason for the adverse employment action. *Id*. Third, the

2

burden shifts back to the plaintiff to "demonstrate a genuine issue of material fact as to whether the reason advanced by the employer was a pretext." *Id*. "Only then does the case proceed beyond the summary judgment stage." *Id*.

Lombardi alleges that he was not selected for Contract Administrator Oversight Monitor and Senior Project Manager positions because he engaged in protected activities—filing previous EEO complaints. The parties have agreed that Lombardi established the first two elements of his prima facie case. They dispute whether he has shown a causal link between his previous EEO complaints and being passed over for the promotions.

The third element of a prima facie case requires showing "but-for causation, not the lessened causation test stated in § 2000e-2(m)," which applies to discrimination claims. *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2533 (2013); *T.B. ex rel. Brenneise v. San Diego Unified Sch. Dist.*, 806 F.3d 451, 472-73 (9th Cir. 2015) (applying the but-for causation standard from *Nassar* at the summary judgment phase in an Americans with Disabilities Act retaliation case and explaining that the retaliation standards under the ADA and Title VII are the same), *cert. denied sub nom. San Diego Unified Sch. Dist. v. T.B.*, 136 S. Ct. 1679 (2016). Lombardi's evidence fails to create a triable issue that retaliatory purpose

3

was a but-for cause of his failure to obtain the promotions in question. The statements by the relevant decisionmaker that Lombardi relies upon do not suggest an intent to retaliate against him, one of the two individuals promoted instead of Lombardi had also engaged in protected EEO activity, and substantial time had passed between Lombardi's EEO activity and the decisions not to offer him the promotions. Even if the various accusations Lombardi and his co-workers make against the relevant decisionmaker may suggest weaknesses in her management skills, they do not suggest an intent to retaliate against Lombardi for his protected activity.

Summary judgment in favor of HUD is also appropriate because, even if Lombardi had made a prima facie showing of retaliation, he has not presented evidence that creates a triable issue of fact as to whether HUD's reasons for choosing other candidates were pretextual. The pre-formulated interview questions demonstrate that HUD had a preference for performance-based contract administrator experience, and Lombardi admitted in his interviews that his limited experience in that area was one of his weaknesses. The interviewers' contemporaneous notes also make clear that Lombardi interviewed badly. Lombardi has not even argued that most of the interviewers had a retaliatory intent,

4

and they all agreed he should not be chosen for the positions.

**AFFIRMED**.